UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN COUSART, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>OPENAI LP, et al.,<br><br>        Defendants. | Case No. 23-cv-04557-VC<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 50, 53 |

        The defendants' motions to dismiss are granted. This order assumes the reader's familiarity with the facts of the case, the applicable legal standards, and the parties' arguments.

        The plaintiffs' first amended complaint, which spans almost 200 pages, fails to present "a short and plain statement" showing the plaintiffs are entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). While the length of a complaint alone is unlikely to result in dismissal, when a complaint is needlessly long and contains largely irrelevant, distracting, or redundant information, dismissal under Rule 8(a) is appropriate. *See Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1058-59 (9th Cir. 2011).

        Here, the complaint is not only excessive in length, but also contains swaths of unnecessary and distracting allegations making it nearly impossible to determine the adequacy of the plaintiffs' legal claims. To cite just a couple of examples, the plaintiffs spend over five pages on how various political leaders and European governments have reacted to recent advancements in AI technology and three-plus pages discussing copyright concerns even though none of the plaintiffs assert a copyright claim. *See* Dkt. No. 45 at ¶¶ 275-95; 359-68.

        In addition to the irrelevant portions of the complaint, the plaintiffs also include rhetoric

and policy grievances that are not suitable for resolution by federal courts. *See id.* at ¶ 9 (comparing AI's risks to humanity to the risks posed by the development of nuclear weapons); ¶ 535 (requesting injunctive relief in the form of establishing "an independent body of thought leaders" to approve uses of AI products before they are deployed). The development of AI technology may well give rise to grave concerns for society, but the plaintiffs need to understand that they are in a court of law, not a town hall meeting.

Because the Court has no way of telling whether the plaintiffs could adequately state a claim once all the mud is scraped off the walls of the complaint, dismissal is with leave to amend. But if the amended complaint continues to focus on general policy concerns and irrelevant information in a way that interferes with a clear presentation of the legal claims at issue, it will be dismissed with prejudice. Moreover, if the plaintiffs manage to state a claim that gets past the pleading stage, they should know that, given the way the current version of the complaint was drafted, it's unlikely that they or their counsel can be trusted to adequately and responsibly represent the interests of absent class members in a federal lawsuit. Any amended complaint is due in 21 days. Responses are due 21 days after that.

**IT IS SO ORDERED.**

Dated: May 23, 2024

_____
VINCE CHHABRIA
United States District Judge